# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A25-0826

Paragon Restorations, LLC, a Minnesota limited liability company,
Respondent,

vs.

Robinet Productions, LLC, a Minnesota limited liability company, et al.,
Appellants.

**Filed December 29, 2025**
**Affirmed**
**Ede, Judge**

Hennepin County District Court
File No. 27-CV-25-431

William R. Skolnick, Samuel M. Johnson, Skolnick, Bardwell & Johnson, P.A. (for respondent)

Vince C. Reuter, Anne N. St. Amant, Eckland & Blando LLP, Minneapolis, Minnesota (for appellants)

Considered and decided by Ede, Presiding Judge; Frisch, Chief Judge; and Larkin, Judge.

## SYLLABUS

In a civil action based on speech that is not in or on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding, to prevail on a special motion for expedited relief under the Uniform Public Expression Protection Act (UPEPA), Minnesota Statutes sections 554.07 to 554.20 (2024), a moving party must establish pursuant to section 554.08(b)(3) that the cause of action is based on speech on a matter of public concern, as required by section 554.13(a), regardless

of whether, per section 554.08(d)(2), the action relates to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.

## OPINION

**EDE**, Judge

In this interlocutory appeal, appellants argue that the district court erred by denying their special motion for expedited relief seeking dismissal of respondent's defamation claim under the Uniform Public Expression Protection Act (UPEPA), Minnesota Statutes sections 554.07 to 554.20 (2024), which precluded appellants from obtaining a statutory award of costs, attorney fees, and expenses. We affirm.

## FACTS

Consistent with applicable law, the following factual summary is based on the record before the district court on the special motion for expedited relief and is presented in the light most favorable to respondent Paragon Restorations LLC as the nonmoving party. *See J&D Dental v. Hou*, 26 N.W.3d 491, 494 n.1 (Minn. App. 2025).

In September 2024, appellants Jonn Robinet and Robinet Productions LLC contracted with Paragon to provide photography and videography services. After a disagreement, appellants posted the following internet review of Paragon: "I worked with Paragon in a contract capacity, working with them was incredibly painful, unprofessional,

I was denied payment for works and services provided. If you are a contractor or business owner, do not work with this company."[1]

In January 2025, Paragon sued appellants. As relevant to this appeal, Paragon claimed defamation based on the "false and defamatory statements published and disseminated by [appellants]" that "affected Paragon negatively by causing it to lose reputation in the marketplace."

Appellants filed a special motion for expedited relief under UPEPA, which is "a uniform anti-SLAPP (strategic lawsuit against public participation) statute." *J&D Dental*, 26 N.W.3d at 496 (footnote omitted). "UPEPA and anti-SLAPP laws generally are procedural statutes 'designed to prevent substantive consequences: the impairment of First Amendment rights and the time and expense of defending against litigation that has no demonstrable merit.'" *Id.* at 496 n.2 (quoting Unif. Pub. Expression Prot. Act. § 2 cmt. 2 (Unif. L. Comm'n 2020)). A special motion for expedited relief under UPEPA allows a party to request that the district court dismiss a cause of action, or part of a cause of action, to which Minnesota Statutes sections 554.07 to 554.19 apply, as long as the party does so "[n]ot later than 60 days after a party is served with a complaint, . . . or at a later time on a showing of good cause." *See* Minn. Stat. § 554.09 (the special-motion provision).

The district court denied appellants' special motion to dismiss, concluding that appellants did not satisfy the requirements of Minnesota Statutes section 554.13(a) (the dismissal provision). Among other things, the dismissal provision requires that appellants,

---

[1] Although the internet review is written in the first-person-singular voice, Paragon alleges in the complaint underlying this appeal that the review was posted by both appellants.

as the moving parties, "establish[] under section 554.08, paragraph (b), that sections 554.07 to 554.19 apply." Minn. Stat. § 554.13(a)(1). The district court decided that, considering the totality of the circumstances, the speech at issue was not on a matter of public concern under Minnesota Statutes section 554.08(b)(3) (the free-speech provision). But the district court still dismissed Paragon's defamation claim, separately determining that Paragon had failed to state a claim upon which relief could be granted and that no fact issue precluded judgment of dismissal as a matter of law. Because the district court denied appellants' special motion for expedited relief under UPEPA, the court did not award costs, attorney fees, and expenses to appellants pursuant to Minnesota Statutes section 554.16.

Under Minnesota Statutes section 554.15, appellants filed this interlocutory appeal from the district court's order denying their special motion for expedited relief under UPEPA.

## ISSUE

Did the district court err by denying appellants' special motion for expedited relief under UPEPA?

## ANALYSIS

Before addressing appellants' specific arguments challenging the district court's order denying their special motion for expedited relief under UPEPA, we briefly describe the salient legal framework.

As mentioned above, the special-motion provision allows a party to file a special motion for expedited relief to dismiss a cause of action or part of a cause of action to which Minnesota Statutes sections 554.07 to 554.19 apply, as long as the moving party does so

4

no later than 60 days after they are served with the complaint, "or at a later time on a showing of good cause." Minn. Stat. § 554.09.

The dismissal provision, which governs the district court's adjudication of such motions, states:

> (a) In ruling on a motion under section 554.09, the court shall dismiss with prejudice a cause of action, or part of a cause of action, if:
> (1) the moving party establishes under section 554.08, paragraph (b), that sections 554.07 to 554.19 apply;
> (2) the responding party fails to establish under section 554.08, paragraph (c), that sections 554.07 to 554.19 do not apply; and
> (3) either:
> (i) the responding party fails to establish a prima facie case as to each essential element of the cause of action; or
> (ii) the moving party establishes that:
> (A) the responding party failed to state a cause of action upon which relief can be granted; or
> (B) there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the cause of action.

Minn. Stat. § 554.13(a).

In turn, Minnesota Statutes section 554.08(b), which sets forth the free-speech provision in subparagraph (3), provides:

> (b) Except as otherwise provided in paragraph (c), sections 554.07 to 554.19 apply to a cause of action asserted in a civil action against a person based on the person's:
> (1) communication in a legislative, executive, judicial, administrative, or other governmental proceeding;
> (2) communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding; or

(3) exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or the Minnesota Constitution on a matter of public concern.

For present purposes, Minnesota Statutes section 554.08(c)(3) (the exception provision) states:

(c) Sections 554.07 to 554.19 do not apply to a cause of action:

. . . .

(3) against a person primarily engaged in the business of selling or leasing goods or services if the cause of action arises out of a communication related to the person's sale or lease of the goods or services[.]

And Minnesota Statutes section 554.08(d)(2) (the business-review provision) provides in relevant part:

(d) Sections 554.07 to 554.19 apply to a cause of action asserted under paragraph (c), clause (3), . . . when the cause of action is:

. . . .

(2) a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.

Relying on the business-review provision, appellants contend that, despite the requirements of the dismissal provision, the district court should have granted their special motion for expedited relief under UPEPA because Paragon's defamation claim relates to a business review—i.e., appellant's internet post about Paragon. In other words, appellants maintain that the business-review provision provides an independent basis for their special motion for expedited relief under UPEPA. Paragon counters that the district court correctly determined that appellants did not satisfy the requirements of the dismissal provision by

6

establishing under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.[2] As explained below, we agree with Paragon.

"We review a district court's decision on a special motion for expedited relief under UPEPA de novo." *J&D Dental*, 26 N.W.3d at 496. And "[t]he interpretation of a statute is a question of law that we review de novo." *Id.* at 497 (quoting *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016)). "We 'interpret statutory language to ascertain and effectuate the Legislature's intent.'" *Id.* (quoting *Getz v. Peace*, 934 N.W.2d 347, 353 (Minn. 2019)). "If the meaning of a statute is unambiguous, the plain language of the statute controls." *Id.* (quoting *Wilson v. Mortg. Res. Ctr., Inc.*, 888 N.W.2d 452, 458 (Minn. 2016)). Courts "cannot add words or meaning to a statute that were intentionally or inadvertently omitted." *Cooper v. USA Powerlifting*, 26 N.W.3d 604, 621 (Minn. 2025) (quotation omitted). Moreover, in confirming its plain-language analysis, the Minnesota Supreme Court has observed that courts "attempt to avoid interpretations that would render a word or phrase superfluous, void, or insignificant, to ensure that each word or phrase in a statute . . . is given effect." *In re Welfare of Child of B.D.D.*, 25 N.W.3d 707, 712–13 (Minn. 2025) (quotation omitted) (explaining that "[t]he canon against surplusage"—under

---

[2] It is undisputed that the only manner in which Paragon's defamation claim could fall within the purview of Minnesota Statutes section 554.08(b) is under the free-speech provision set forth in subparagraph (3), which applies to an "exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or the Minnesota Constitution on a matter of public concern." Minn. Stat. § 554.08(b)(3). This is because appellants' internet review is neither a "communication in a legislative, executive, judicial, administrative, or other governmental proceeding," nor is it a "communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding." Minn. Stat. § 554.08(b)(1)–(2).

7

which courts "give each word or phrase in a statute . . . a distinct, rather than an identical, meaning"—"compels the same interpretation" as the supreme court reached pursuant to its plain-language analysis); *see also* Minn. Stat. § 645.17 (2024) (providing that, "[i]n ascertaining the intention of the legislature[,] the courts may be guided by the . . . presumption[] . . . [that] the legislature intends the entire statute to be effective and certain").

With these principles in mind, we address appellants' arguments by first reviewing (A) whether the district court erred in determining that, pursuant to the dismissal provision, appellants had to establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern. We then review (B) whether the district court erred in determining that appellants did not establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.

A. **The district court correctly determined that, pursuant to the dismissal provision, appellants had to establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.**

Under Minnesota law, "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn. Stat. § 645.08 (2024). In general, when a statute uses "and" to join a list of statutory requirements, all of the requirements must be satisfied for the statute to apply. *See, e.g.*, *In re Tr. of Moreland*, 993 N.W.2d 80, 87 (Minn. 2023) ("Based on the conjunctive use of 'and,' each of these requirements must be met to reform a trust under [the applicable statute]."); *Reimringer v. Anderson*, 960 N.W.2d 684, 688 (Minn. 2021) ("[T]he use of 'and' in the statute means

8

that the two separate statutory elements . . . must *both* occur to establish a claim for treble damages."); *State v. Irby*, 967 N.W.2d 389, 395 (Minn. 2021) (acknowledging "that 'and' is most frequently used in the joint sense" and stating that the Minnesota Supreme Court "presume[s] that 'and' is used in the joint sense unless the specific context of a statute unambiguously proves otherwise").

By its conjunctive use of "and" to join the list of three requirements for district courts to grant a special motion for expedited relief under the special-motion provision, the plain and unambiguous language of the dismissal provision states that all three statutory elements must be met for a moving party to prevail on such a motion. *See* Minn. Stat. § 554.13(a); *see also Moreland*, 993 N.W.2d at 87; *Reimringer*, 960 N.W.2d at 688; *Irby*, 967 N.W.2d at 395. And the specific context of the dismissal provision within the statutory scheme of UPEPA does not unambiguously prove otherwise. *See Irby*, 967 N.W.2d at 395. This is because, while the business-review provision is an exception to the cause of action excluded by the exception provision, the business-review provision is not an exception to the requirements of Minnesota Statutes section 554.08(b)—including the free-speech provision set forth in subparagraph (3)—as incorporated by the dismissal provision. *See* Minn. Stat. §§ 554.08(b), (c), (d)(2), .13(a). Put another way, the exception to the exception provision does not swallow the rule: the business-review provision does not provide an end run around the dismissal provision.

Appellants' arguments for their preferred reading of the statute are unavailing. They assert that the district court's interpretation of the dismissal provision as requiring them to establish under the free-speech provision that Paragon's defamation claim is based on

9

speech on a matter of public concern "effectively writ[es] section 554.08(d) out of UPEPA when that is not the only reasonable interpretation." But at oral argument, appellants conceded that the business-review provision *is* effectuated when speech on a matter of public concern—e.g., an internet review accusing employees of a business of sexual assault in the course of providing services, *cf. Johnson v. Freborg*, 995 N.W.2d 374, 379–92 (Minn. 2023) (concluding that an internet post accusing dance instructors of varying degrees of sexual assault involved speech on a matter of public concern)—underlies "a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses." Minn. Stat. § 554.08(d)(2); *see also J&D Dental*, 26 N.W.3d at 500–01 (discussing cases from "other jurisdictions [that] have concluded that certain speech related to healthcare and healthcare providers involved matters of public concern"—including "online reviews" and other internet content—when "the speech at issue was not limited to a personal grievance with a particular provider but instead reached matters of broader public import").

Indeed, it is appellants' reading of the dismissal provision that would contravene the canon against surplusage. At bottom, they ask that we disregard our obligation to ensure that each word or phrase in the statute is given effect by rendering the entirety of Minnesota Statutes section 554.13(a)(1) superfluous, void, and insignificant—a request that we must decline. *See B.D.D.*, 25 N.W.3d at 713. Appellants overlook the Minnesota Legislature's joinder of subparagraphs (1), (2), and (3) of the dismissal provision by using the conjunctive "and" after subparagraph (2). *See* Minn. Stat. § 554.13(a). Rather than

recognize that each statutory element must be met for the district court to grant a special motion for expedited relief, appellants maintain that the absence of words like "and" or "then" between subparagraphs (1) and (2) of the dismissal provision means that a moving party need not satisfy the requirements of subparagraph (1) to prevail. Accepting this contention would improperly demand that we ignore all of subparagraph (1), as well as the legislature's use of "and" after subparagraph (2), contrary to the statutory presumption that "the legislature intends the entire statute to be effective and certain." Minn. Stat. § 645.17(2). In addition, appellants' argument amounts to a request that we read "or" into the dismissal provision, following subparagraph (1), such that a moving party could prevail on a special motion for expedited relief by satisfying only the requirements of subparagraphs (2) and (3). This too, we cannot do. *See Cooper*, 26 N.W.3d at 621. Appellants have identified no binding precedent interpreting a statute in the manner they urge us to adopt here, nor are we aware of any.

We are mindful that, "[w]hen interpreting a uniform law, [courts] may consider other jurisdictions' interpretations of similar sections of their uniform . . . codes." *Moreland*, 993 N.W.2d at 85; *see also* Minn. Stat. § 645.22 (2024) ("Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."); *see also* Minn. Stat. § 554.18 (2024) ("In applying and construing [UPEPA], consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it."). Appellants, however, have cited no persuasive authority from another jurisdiction that has adopted UPEPA and has held that a moving party may prevail on a special motion for

expedited relief without establishing, in the absence of a communication in or on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding, *see* Minn. Stat. § 554.08(b)(1)–(2), that the cause of action is based on speech on a matter of public concern, *see id.* (b)(3).

This lack of persuasive authority with such a holding includes *Davenport Extreme Pools and Spas, Inc. v. Mulflur*, 698 S.W.3d 140 (Ky. Ct. App. 2024), which appellants cite in support of their arguments. The appeal in *Davenport* arose from a lawsuit that included a defamation claim by the appellant contractor based on social media and private communications by the respondents, who were dissatisfied with the appellant's failure to construct a residential pool and hot tub as contracted. 698 S.W.3d at 146–47. The district court granted the respondents' expedited motion to dismiss the appellant's claims under Kentucky's UPEPA. *Id.* at 149. Among other contentions advanced on appeal, the appellant "summarily argue[d] that . . . UPEPA only applie[d] to public expression, not private expression." *Id.* at 154. The Kentucky Court of Appeals rejected this argument, reasoning that "Kentucky's UPEPA statute is not so narrow" because the Kentucky statutory analogues of Minnesota Statutes section 554.08(d)(1) and (2) encompass "expressions both public and private, especially speech relating to consumer opinions, commentary, complaints, reviews, and ratings of businesses." *Id.* at 155; *see also* Ky. Rev. Stat. Ann. § 454.462(2)(b)1., 2. (2024).

In the present matter, appellants characterize *Davenport* as "concluding that consumer complaints and negative business reviews constitute matters of public concern." But that is not what *Davenport* held. The analysis in *Davenport* focused on the Kentucky

Court of Appeals' rejection of the appellant's "narrow reading" of Kentucky's UPEPA as excluding private expression. 698 S.W.3d at 155. Although the Kentucky Court of Appeals affirmed the district court's decision to dismiss the appellant's claims under Kentucky's UPEPA, the court did not expressly hold, as appellants here claim, that all consumer complaints and negative business reviews are necessarily speech on matters of public concern. Instead, *Davenport* repeatedly observed—as we do, above—that UPEPA applies to a cause of action unrelated to communications concerning a legislative, executive, judicial, administrative, or other governmental proceeding only if the cause of action is based on speech on a matter of public concern. *See id.* at 149, 155 (stating that Kentucky's UPEPA "permits dismissal of claims when a person is exercising free speech and petition rights about a matter of public concern" and that "Kentucky's protections encompass all speech and press, public or private, and in all forums, about matters of public concern"); *see also* Ky. Rev. Stat. Ann. § 454.462(1)(c) (2024) (providing, analogous to the free-speech provision, that Kentucky's UPEPA "applies to a cause of action asserted against a person based on the person's . . . [e]xercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, as guaranteed by the United States Constitution or Kentucky Constitution, on a matter of public concern").

We therefore hold that, in a civil action based on speech that is not in, or on an issue under consideration or review in, a legislative, executive, judicial, administrative, or other governmental proceeding, to prevail on a special motion for expedited relief under UPEPA, a moving party must establish pursuant to the free-speech provision, Minn. Stat. § 554.08(b)(3), that the cause of action is based on speech on a matter of public concern,

13

as required by the dismissal provision, Minn. Stat. § 554.13(a), regardless of whether, per the business-review provision, Minn. Stat. § 554.08(d)(2), the action relates to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses. Accordingly, the district court correctly determined that, under the dismissal provision, appellants had to establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.[3]

**B.      The district court correctly determined that appellants did not establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.**

Aside from relying on *Davenport* to assert in their reply brief that we should reverse the district court by concluding that, as a matter of law, "negative business reviews and other commercial speech fall[] within a 'matter of public concern' under [Minnesota Statutes] section 545.08(b)," appellants do not maintain that Paragon's defamation claim was otherwise based on speech on a matter of public concern. "Generally, issues not raised in an appealing party's principal brief cannot be raised in a reply brief and may be considered forfeited." *Bremer Bank, Nat'l Ass'n v. Matejcek*, 916 N.W.2d 688, 695 (Minn. App. 2018) (quotation omitted). But even if this argument were not forfeited, we have

---

[3] In light of this conclusion, we do not address Paragon's additional arguments that appellants' speech falls outside the scope of the business-review provision (1) because appellants "were not consumers of Paragon's services," given that Paragon contracted with appellants to provide Paragon photography and videography services, and (2) because the phrase "goods or services,"—as used in the exception provision—"does not include the creation, dissemination, exhibition, or advertisement or similar promotion of a[n ]. . . artistic work," Minn. Stat. § 554.08(a)(1), like photographs and video.

rejected appellants' characterization of *Davenport* as a misreading of that decision, as explained above. And even if appellants had properly asserted, apart from their interpretation of *Davenport*, that Paragon's defamation claim is based on speech on a matter of public concern, we would still conclude that the district court correctly determined that it was not.

In *J&D Dental*, we held that

> whether a civil action is based on speech "on a matter of public concern" and thus within the scope of [UPEPA] . . . is determined, consistent with common law interpretation of the phrase in the defamation context, on a case-by-case basis given the totality of circumstances, taking into consideration the content, form, and context of the speech, as well as any other pertinent factors.

26 N.W.3d at 498 (footnote omitted).

Applying our precedential decision in *J&D Dental* here, we next consider the (1) content, (2) form, and (3) context of appellants' internet review, and we (4) balance these factors in light of the totality of the circumstances of this case.

### 1. Content

We concluded in *J&D Dental* that the content of the speech at issue did not favor a determination that the speech was on a matter of public concern because "the overall thrust and dominant theme of [the] speech was to discuss [a] personal grievance . . . and not to speak to broader public issues or discuss a matter of public import." *Id.* at 501 (quotations omitted).

In this case, the content of appellants' internet review likewise involves appellants' personal grievance against Paragon based on the parties' business dispute rather than

15

speech on broader public issues or a matter of public import. As the district court correctly noted, the content of the speech "appears to be a grievance, as well as a warning to other businesses." The content of appellants' internet review therefore does not favor deciding that it is speech on a matter of public concern.

### 2. Form

In *J&D Dental*, we reasoned that the use of a digital public forum to post a review for public consumption supported our conclusion that the form of the speech weighed in favor of a determination that the communication was on a matter of public concern. *Id.* at 502.

Here, too, appellants posted an internet review that Paragon alleged was defamatory and caused Paragon to "suffer[] damages through loss of reputation in the marketplace." Thus, the form of appellants' internet review favors concluding that it is speech on a matter of public concern.

### 3. Context

"In assessing [the context of speech], we examine the broader public context rather than the relationship between the two parties." *Id.* We concluded in *J&D Dental* that this factor favored a determination that the subject speech was not on a matter of public concern because the speech "did not connect [the speaker's] experience to broader public issues" and the record did not evince "any discourse, conversation, or connection between [the] reviews [at issue] and other business reviews." *Id.*

In the present matter, appellants' speech also does not connect their experience with broader public issues and the record does not reflect that there was "any discourse,

16

conversation, or connection" between appellants' internet review and other business reviews. *Id.* Consequently, the context of appellants' internet review does not favor concluding that it is speech on a matter of public concern.

### 4. Balance of Factors

Balancing the content, form, and context of appellants' internet review in light of the totality of the circumstances of this case, we conclude that the dominant theme of appellants' speech is their individual experiences and grievances about their troubled business relationship with Paragon. Accordingly, the district court correctly determined that appellants did not establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern.

In sum, the district court correctly denied appellants' special motion for expedited relief under UPEPA.

### DECISION

In a civil action based on speech that is not in or on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding, to prevail on a special motion for expedited relief under UPEPA, a moving party must establish pursuant to the free-speech provision, Minn. Stat. § 554.08(b)(3), that the cause of action is based on speech on a matter of public concern, as required by the dismissal provision, Minn. Stat. § 554.13(a), regardless of whether, per the business-review provision, Minn. Stat. § 554.08(d)(2), the action relates to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses.

17

The district court correctly determined that, pursuant to the dismissal provision, appellants had to establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern. Moreover, the district court correctly determined that appellants did not establish under the free-speech provision that Paragon's defamation claim is based on speech on a matter of public concern. Thus, the district court correctly denied appellants' special motion for expedited relief under UPEPA.

**Affirmed.**